UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| | |
|---|---|
| LEONZA TIPTON, #254693, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:08-cv-421 |
| ) | |
| v. ) | Honorable Robert Holmes Bell |
| ) | |
| CORRECTIONAL MEDICAL SERVICES, ) | |
| INC., et al., ) | **MEMORANDUM OPINION** |
| ) | |
| Defendants. ) | |
| _____) | |

This is a civil action brought *pro se* by a state prisoner under 42 U.S.C. § 1983. Plaintiff's complaint concerns perceived inadequacies in the medical care he received while he was an inmate at Parnall Correctional Facility (SMT). Plaintiff is currently an inmate at the G. Robert Cotton Correctional Facility (JCF). He alleges that defendants were deliberately indifferent to serious medical needs in violation of his Eighth Amendment rights. Plaintiff filed his complaint on April 23, 2008, in the United States District Court for the Eastern District of Michigan. The matter is now before the court on a motion for a preliminary injunction filed with plaintiff's complaint. (docket # 4). After the case was transferred to this court, defendants Maureen Onuigbo and Correctional Medical Services, Inc. filed a brief in opposition to plaintiff's motion. (docket # 42). Upon review, plaintiff's motion for a preliminary injunction will be denied.

**Discussion**

"A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his [] burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). The four factors this court is to consider are well established, *see Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000), and the United States Court of Appeals for the Sixth Circuit reviews decisions granting or denying motions for preliminary injunctions under an abuse of discretion standard. *See Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008); *Certified Restoration Dry Cleaning, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 540-41 (6th Cir. 2007).

None of the four factors weighs in favor of granting the extraordinary relief plaintiff requests. Plaintiff has not shown a strong likelihood of success on the merits. The evidence plaintiff attached to his complaint shows that plaintiff has received a massive amount of medical care at taxpayer expense for a series of relatively minor ailments. CT scans and other medical tests have routinely returned normal results. Plaintiff has been diagnosed with paranoia and hypochondriasis. The latter is defined as "a mental disorder characterized by a preoccupation with bodily functions and the interpretation of normal sensations (such as heartbeats, sweating, peristaltic action, and bowel movements) or minor abnormalities such as a runny nose, minor aches and pains, or slightly swollen lymph nodes) as indications of highly disturbing problems needing medical attention. Negative results of diagnostic evaluations and reassurance by physicians only increase the patient's anxious concern about his health, and the patient continues to seek medical attention." DORLAND'S ILLUSTRATED MEDICAL DICTIONARY, 804-05 (28th ed. 1994); *see* DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS (DSM-IV-TR), 504-07 (4th ed. 2000). Plaintiff argues that he

should have received a higher level of care for his small mastoid growth. "[T]he standard of care in this area is not negligence." *Clark-Murphy v. Foreback*, 439 F.3d 280, 286 (6th Cir. 2006); *see Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008). "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Briggs v. Oakland County*, 213 F. App'x 378, 385-86 (6th Cir. 2007). Plaintiff's disagreement with the course of his treatment by medical professionals does not suffice to establish a likelihood of success on the merits of his Eighth Amendment claims. *Hix v. Tennessee Dep't of Corrections*, 196 F. App'x 350, 357 (6th Cir. 2006). Plaintiff has not shown irreparable injury. The public interest would not be served by issuing a preliminary injunction, and the issuance of a preliminary injunction would constitute unwarranted federal court interference with the medical care the State of Michigan is currently providing.

## Conclusion

For the reasons set forth herein, plaintiff's motion for a preliminary injunction (docket # 4) will be denied.

Dated: <u>October 22, 2008</u>          /s/ Robert Holmes Bell
                                         ROBERT HOLMES BELL
                                         UNITED STATES DISTRICT JUDGE