UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

| | | |
|---|---|---|
| LEONZA TIPTON, # 254693, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:08-cv-421 |
| | ) | |
| v. | ) | Honorable Robert Holmes Bell |
| | ) | |
| CORRECTIONAL MEDICAL SERVICES, | ) | |
| INC., et al., | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Defendants. | ) | |
| | ) | |

This is a civil rights action brought *pro se* by a state prisoner under 42 U.S.C. § 1983. Plaintiff is an inmate at the G. Robert Cotton Correctional Facility (JCF). His complaint concerns the adequacy of the medical care he received at the Parnall Correctional Facility (SMT) between May 31, 2006 and March 19, 2008 for a small left mastoid growth. (Compl., ¶¶ 12, 21, 39, docket # 1). The defendants are: (1) Correctional Medical Services, Inc. (CMS); (2) Maureen Onuigbo, M.D.; (3) Keith Ivens, M.D.; and (4) George Pramstaller, M.D., former Chief Medical Officer of the Michigan Department of Corrections (MDOC). Plaintiff seeks monetary damages and declaratory and injunctive relief. (*Id.* at 6).

The matter is now before the court on defendant Pramstaller's Rule 12(b)(6) motion (docket # 35) and a motion for summary judgment by defendants CMS and Onuigbo. (docket # 43).[1]

---

[1] On October 20, 2008, the court entered an order under Rule 12(d) of the Federal Rules of Civil Procedure converting the motion by defendants CMS and Onuigbo into a motion for summary judgment. (10/20/08 Order, docket # 57).

On October 14, 2008, plaintiff filed his brief in opposition to defendant Pramstaller's motion. (docket # 53).   On November 7, 2008, plaintiff filed his response to the motion for summary judgment by defendants CMS and Onuigbo.  (docket #'s 63, 64).  Defendants' motions have long been ready for decision.

For the reasons set forth herein, I recommend that defendant Pramstaller's motion to dismiss be granted.  I further recommend that the motion for summary judgment by defendants CMS and Onuigbo be granted, and that judgment be entered in their favor on all plaintiff's federal claims. I further recommend that all plaintiff's claims against defendant Ivens be dismissed without prejudice under Rule 4(m) of the Federal Rules of Civil Procedure because plaintiff has never achieved service of process on Dr. Ivens.  This report and recommendation serves of plaintiff's notice of the impending dismissal of all his claims against defendant Ivens.  Finally, I recommend that the court, in its discretion, decline to exercise supplemental jurisdiction over any of plaintiff's purported state-law claims.

## I.      Defendant Pramstaller's Rule 12(b)(6) Motion fo Dismiss

### A.      Rule 12(b)(6) Standards

Rule 12(b)(6) authorizes the dismissal of a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6).  Under Rule 8(a)(2) of the Federal Rules of Civil Procedure a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and FED. R. CIV. P. 8(a)(2)).  While this

notice pleading standard does require not require "detailed" factual allegations, it does require more than the bare assertion of legal conclusions. *See Twombly*, 550 U.S. at 555. "[C]ourts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557).

Generally, when considering a Rule 12(b)(6) motion to dismiss, the court must construe the complaint in the light most favorable to plaintiff, accept the plaintiff's factual allegations as true, and draw all reasonable factual inferences in plaintiff's favor. *Pro se* pleadings are held to a less stringent standard than formal pleadings drafted by licensed attorneys. *See Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949. Claims survive a Rule 12(b)(6) motion only where the "factual allegations [are] enough to raise a right to relief above the speculative level on the assumption that all of the complaints allegations are true." *Twombly*, 550 U.S. at 555.

The Supreme Court's recent decision in *Iqbal* emphasized that a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face:

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Twombly*, 550 U.S.] at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*, at 557.

129 S. Ct. at 1949. "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief." *Iqbal*, 129 S. Ct. at 1950 (quoting Fed. R. Civ. P. 8(a)(2))(internal citations omitted).

In evaluating a motion to dismiss, a court generally is limited to the complaint and the exhibits attached thereto. *See Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001); *see also Barany-Snyder v. Weiner*, 539 F.3d 327, 332 (6th Cir. 2008). Plaintiff attached numerous exhibits to his complaint, and the court is free to consider such exhibits without converting defendant Pramstaller's motion into a summary judgment motion. *See* Fed. R. Civ. P. 10(c); *Benzon v. Morgan Stanley Distrib., Inc.*, 420 F.3d 598, 603-04 (6th Cir. 2005).

B.    Allegations Against Defendant Pramstaller

Plaintiff's attached hundreds of pages of medical records to his complaint as exhibits, including his March 19, 2008 and October 11, 2007 CT scans, which returned normal results. The

-4-

exhibits indicate that plaintiff has been diagnosed with paranoia and hypochondriasis. His complaint contains the following allegations against defendant Pramstaller:

8.    Defendant George Pramstaller, M.D., is a physician licensed to practice medicine in the State of Michigan, and at all times held himself out to be the Chief Medical Officer of the Michigan Department of Corrections-Bureau of Health Care Services, responsible for administering the health treatment of the Plaintiff and the 50,000 plus other prisoners in custody in Michigan.

9.    Defendant Pramstaller as Chief Medical Officer of the Michigan Department of Corrections-Bureau of Health Services is based at the MDOC['s] main offices located in the City of Lansing, Ingham County, Michigan.

10.   At all material times, Defendant Correctional Medical Services, Inc., was the principal employer/contractor of Defendant physician(s) Onuigbo and Ivens. Further, this Defendant was subject to the administrative watch of Defendant Pramstaller for all acts or omissions causing the deliberate indifference and medical negligence performed within the course of employment of Defendants Onuigbo, Ivens and supervision of Defendant Pramstaller and said actions were performed within the scope of their agency, employment, or authority given by Correctional Medical Services, Inc., and the Michigan Department of Corrections.

11.   At all material times, Defendant Pramstaller was the principal medical officer of the Michigan Department of Corrections; all acts or omissions by Defendant Pramstaller were preformed within the course of and within the scope of his agency, employment or authority of the Michigan Department of Corrections, the custodian of plaintiff.

12.   Defendants and/or their agents, employees or third parties have failed to timely prepare or treat the mastoid growth upon the Plaintiff.

* * *

14.   As a result of the deliberate indifference and joint and/or several negligence of Defendants and/or their employees, agents, or third parties, the Plaintiff has suffered prolonged, severe distress due to mastoid enlargement and subsequent compression on the t[y]mpanic nerves. He also has suffered sequelae, including, but not limited to, severe, permanent cognitive impairment, bouts of chronic eye infection causing vision impairment, a residule [sic] "sickly" aftertaste in Plaintiff['] s mouth daily, chronic pain in left mastoid/ear with headaches.

* * *

40.     Plaintiff contacted directly Defendant Pramstaller seeking his assistance on the following dates: 9/11/06 (MDOC Ref. No. 2648 Memo); 12/14/06 (MDOC Ref. No. 2717 Memo); 1/21/07 (MDOC Ref. No. 2648 Memo; 9/19/07 (MDOC Ref. No. 3930 Memo).

41.     Defendant George Pramstaller, M.D., though contacted and advised directly of the situation with Plaintiff's medical needs, not only by Plaintiff, but by Plaintiff's family on 9/19/07, he chose not to work or take care of those situations.


C.      Discussion

Plaintiff alleges that the healthcare he received (SMT) between May 31, 2006 and March 19, 2008 for his small left mastoid growth was inadequate.  He seeks to have defendant Pramstaller held vicariously liable for the acts of the medical care providers who have examined and treated plaintiff.  Liability of supervisory officers under 42 U.S.C. § 1983 cannot be based upon a *respondeat superior* theory.  *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009); *see also Skinner v. Govorchin*, 463 F.3d 518, 525-26 (6th Cir. 2006).  The complaint therefore fails to state an Eighth Amendment claim against Dr. Pramstaller, because plaintiff asserts only vicarious liability against him.

Plaintiff does not enjoy any constitutionally-guaranteed right to a response to his correspondence.  His dissatisfaction with defendant Pramstaller as a correspondent fails to state a claim of constitutional dimension.  *See Harris v. Westchester County Dep't of Corr.*, No. 06-Civ.-2011, 2008 WL 953616, at * 9 (S.D.N.Y. Apr. 3, 2008); *Hodge v. United States*, No. 3:06-cv-1622, 2007 WL 2571938, at * 13 (M.D. Pa. Aug. 31, 2007); *Castillo v. Blanco*, No. 07-215, 2007 WL 2264285, at * 6 (E.D. La. Aug. 1, 2007); *Manning v. Wells*, No. 6:06-cv-911, 2007 WL 1140422, at * 5 (D. S.C. Apr. 17, 2007); *Fogle v. Pierson*, No. 05-cv-01-211, 2007 WL 274558, at * 9 (D. Colo. Jan. 29, 2007); *Watson v. McGinnis*, 964 F. Supp. 127, 130 (S.D.N.Y. 1997)("The law is clear

that the allegations that an official ignored a prisoner's letter are insufficient to establish liability.") (collecting cases). Plaintiff therefore fails to state a due-process claim against Pramstaller. I recommend that defendant Pramstaller's Rule 12(b)(6) motion to dismiss be granted.

## II.     Plaintiff's Claims Against Dr. Ivens

Plaintiff did not achieve service of the summons and complaint on Dr. Ivens. He filed his complaint on April 23, 2008. On July 30, 2008, the United States Marshal's Service returned an unexecuted summons for Dr. Ivens. (docket # 33). Plaintiff's 120-day period within which to achieve service expired on September 22, 2008. I recommend that all plaintiff's claims against defendant Ivens be dismissed without prejudice under Rule 4(m) of the Federal Rules of Civil Procedure. This report and recommendation serves as plaintiff's notice of the impending dismissal of all his claims against Dr. Ivens. *See* FED. R. CIV. P. 4(m); *see also Reynosa v. Schultz*, 282 F. App'x 386, 391-94 (6th Cir. 2008).

## III.     Motion for Summary Judgment By Defendants CMS and Onuigbo

Plaintiff alleges that Dr. Maureen N. Onuigbo, M.D., is a physician licensed by the State of Michigan who is board certified in internal medicine and practices at the Parnall Correctional Facility (SMT). (Compl., ¶¶ 4-5). Further, he alleges that Dr. Onuigbo examined him on May 16, 2007 and September 26, 2007 in response to plaintiff's complaints regarding a mastoid growth. (*Id.*, ¶¶ 33, 35). Plaintiff complains that on November 28, 2007, Dr. Onuigbo "refused to order any testing or provide additional treatment or forward any contributing 'citations' to appeal CT test and follow up visit, despite finding the mastoid growth." (*Id.*, ¶ 37). He alleges that Dr.

Onuigbo is employed by CMS and seeks to have CMS held "vicariously liable" for the medical treatment she provided.  (*Id.*, ¶¶ 10, 20, 44).

      A.    <u>Summary Judgment Standards</u>

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(c); *S.S. v. Eastern Ky. Univ.*, 532 F.3d 455, 452 (6th Cir. 2008).  The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *El Bey v. Roop*, 530 F.3d 407, 413 (6th Cir. 2008) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)).  The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion.  *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Smith v. Williams-Ash*, 520 F.3d 596, 599 (6th Cir. 2008).

When the party without the burden of proof seeks summary judgment, that party bears the initial burden of pointing out to the district court an absence of evidence to support the nonmoving party's case, but need not support its motion with affidavits or other materials "negating" the opponent's claim.  *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005).  Once the movant shows that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  To sustain this burden, the nonmoving party may not rest on the

mere allegations of his pleadings.  FED. R. CIV. P. 56(e); *see Helms v. Zubaty*, 495 F.3d 252, 255 (6th Cir. 2007).  The motion for summary judgment forces the nonmoving party to present evidence sufficient to create a genuine issue of fact for trial.  *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1990).  "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].'"  *Daniels v. Woodside*, 396 F.3d 730, 734 (6th Cir. 2005) (quoting *Anderson*, 477 U.S. at 252); *see Bridgeport Music, Inc. v. WB Music Corp.*, 508 F.3d 394, 398 (6th Cir. 2007).

B.    Proposed Findings of Fact

The following facts are beyond genuine issue.  Plaintiff has been diagnosed as suffering from paranoia and hypochondriasis.  The hundreds of pages of medical records that he attached to his complaint (docket # 1, attachments) and filed elsewhere (*see e.g.*, docket # 53 attachments) document the massive level of medical care that plaintiff has received and continues to receive.  For present purposes, it is only necessary to discuss the evidence related to the medical care provided that Dr. Maureen Onuigbo, M.D. provided at the Parnall Correctional Facility (SMT) between May 31, 2006 and March 19, 2008, which is the subject of plaintiff's complaint.   Dr. Onuigbo first examined plaintiff on May 16, 2007.  Plaintiff complained of pain in his left ear and mastoid area.  Plaintiff did not have any fever or drainage.  Plaintiff was "anxious" and he described his symptoms in "elaborate medical terms."  Plaintiff's blood pressure was 119/69.

On September 26, 2007, plaintiff complained to Dr. Onuigbo that he was suffering from "intercranial pressure," but plaintiff was unable to explain what he meant by using this medical terminology. Dr. Onuigbo noted that a May 2007 audiogram had returned normal results, September

2006 x-rays had been normal, and plaintiff's May 2006 CT scan had been normal.  Plaintiff had a mental health treatment history which included delusions.  He had recently received a 24-month extension of custody from the parole board and seemed discouraged.  Dr. Onuigbo referred plaintiff to mental health services because he appeared depressed by the parole board's decision.  Plaintiff's October 11, 2007 CT scan returned normal results.

Dr. Onuigbo's November 28, 2007 progress notes state that plaintiff's CT, ENT and audiology tests all returned normal results.  In addition to his complaint of left mastoid discomfort, on this occasion, plaintiff stated that he had "white stuff" on the bottom of his left tonsil.  Upon examination, Dr. Onuigbo found nothing on plaintiff's tonsil.  Plaintiff's blood pressure was 129/71.  Plaintiff was suppled with pain medications such as aspirin and Ibuprofen in response to his complaints of discomfort.

The March 19, 2008 CT scan of plaintiff's temporal bones returned normal results.  On April 23, 2008, plaintiff filed his complaint in the United States District Court for the Eastern District of Michigan.  On May 2, 2008, the case was transferred here.  Plaintiff's November 4, 2008 affidavit relates that he is undergoing outpatient mental health treatment at the G. Robert Cotton Correctional Facility (JCF).  He believes that his "1-2 centimeter" left mastoid growth is responsible for his need for mental health care.  (Plf. Aff. ¶¶ 1, 4, docket # 64).

C.    Discussion

1.    Mootness

Plaintiff's claims against defendants are based on the medical care he received at SMT between May 31, 2006 and March 19, 2008.  His claims for declaratory and injunctive relief

are moot as a result of his current confinement at JCF.  *See Cardinal v. Metrish*, 564 F.3d 794, 798-99 (6th Cir. 2009); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996).

    2.  Claim of Deliberate Indifference to Serious Medical Needs Against Dr. Onuigbo

    Plaintiff alleges that Dr. Onuigbo was deliberately indifferent to his serious medical needs in violation of plaintiff's Eighth Amendment rights under the Cruel and Unusual Punishments Clause.  In *Estelle v. Gamble*, 429 U.S. 97 (1976), the Supreme Court held that deliberate indifference to a prisoner's serious medical needs, manifested by prison staff's intentional interference with treatment or intentional denial or delay of access to medical care, amounts to the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment.  *Estelle*, 429 U.S. at 104-05.  In judging the sufficiency of "deliberate indifference" claims, the court must view the surrounding circumstances, including the extent of the injury, the realistic possibilities of treatment, and the possible consequences to the prisoner of failing to provide immediate medical attention.  *Westlake v. Lucas*, 537 F.2d 857, 860 n.4 (6th Cir. 1976).

    In *Wilson v. Seiter*, 501 U.S. 294 (1991), the Supreme Court clarified the deliberate indifference standard.  Under *Wilson*, a prisoner claiming cruel and unusual punishment must establish both that the deprivation was sufficiently serious to rise to constitutional levels (an objective component) and that the state official acted with a sufficiently culpable state of mind (a subjective component).  501 U.S. at 298.  No reasonable trier of fact could find in plaintiff's favor on either component of an Eighth Amendment claim.

    The objective component of the Eighth Amendment standard requires that a plaintiff be suffering from a serious medical condition.  "Because society does not expect that prisoners will

have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are serious." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). "[D]elay or even denial of medical treatment for superficial, nonserious physical conditions does not constitute a constitutional violation." *Blackmore v. Kalamazoo County*, 390 F.3d 890, 897 (6th Cir. 2005). "[A] medical need is objectively serious if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id.* A non-obvious need for medical care can satisfy the "serious" medical need requirement, but "the inmate must place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment." *Johnson v. Karnes*, 398 F.3d 868, 874 (6th Cir. 2005); *see Napier v. Madison County, Ky.*, 238 F.3d 739, 742 (6th Cir. 2001). The mere presence of a serious medical condition is insufficient to establish the objective component. The plaintiff must make "an 'objective' showing that the deprivation was 'sufficiently serious' or that the result of the defendant's denial was sufficiently serious." *Hudson*, 508 U.S. at 8; *see Smith v. Carpenter*, 316 F.3d 178, 186 (2d Cir. 2003). Plaintiff falls far short of satisfying the objective component. He has not presented evidence that Dr. Onuigbo caused an objectively serious deprivation. *See Clark-Murphy v. Foreback*, 439 F.3d 280, 286-87 (6th Cir. 2006). I find that no reasonable trier of fact could find in plaintiff's favor on the objective component of his Eighth Amendment claims against defendant Onuigbo.

The second prong under Estelle requires a showing of "deliberate indifference" to plaintiff's serious medical need. The Supreme Court held in *Farmer v. Brennan*, 511 U.S. 825 (1994), that deliberate indifference is tantamount to a finding of criminal recklessness. A prison official cannot be found liable for denying an inmate humane conditions of confinement "unless the

official knows of and disregards an excessive risk to inmate health or safety." 511 U.S. at 837.  The

Sixth Circuit's decision in *Miller v. Calhoun County*, 408 F.3d 803 (6th Cir. 2005), summarized the

subjective component's requirements:

> The subjective component, by contrast, requires a showing that the prison official possessed
> a sufficiently culpable state of mind in denying medical care.  Deliberate indifference
> requires a degree of culpability greater than mere negligence, but less than acts or omissions
> for the very purpose of causing harm or with knowledge that harm will result.  The prison
> official's state of mind must evince deliberateness tantamount to intent to punish.
> Knowledge of the asserted serious needs or of circumstances clearly indicating the existence
> of such needs, is essential to a finding of deliberate indifference.  Thus, an official's failure
> to alleviate a significant risk that he should have perceived but did not, while no cause for
> commendation, cannot under our cases be condemned as the infliction of punishment.

*Miller*, 408 F.3d at 813 (citations and quotations omitted); *see Dominguez v. Correctional Med.*

*Servs.*, 555 F.3d 543, 550 (6th Cir. 2009)("The subjective standard is meant to prevent the

constitutionalization of medical malpractice claims . . . ."); *accord Mabry v. Antonini*, 289 F. App'x

895, 903 (6th Cir. 2008)("'Where a prisoner has received some medical attention and the dispute os

over the adequacy of the treatment, federal courts are generally reluctant to second guess medical

judgments and constitutionalize claims which sound in state tort law.'")(quoting *Westlake*, 537 F.2d

860 n.5).  Plaintiff's disagreement with Dr. Onuigbo's diagnosis and treatment falls far short of

supporting an Eighth Amendment claim.  *See e.g.*, *Hix v. Tennessee Dep't of Corr.*, 196 F. App'x

350, 357 (6th Cir. 2006); *Kirkham v. Wilkinson*, 101 F. App'x 628, 630 (6th Cir. 2004).  No

reasonable trier of fact could find in plaintiff's favor on the subjective component of an Eighth

Amendment claim against Dr. Onuigbo.

-13-

3.      CMS

Plaintiff seeks to have CMS held "vicariously liable" for the actions of its contractors."  (Compl., ¶ 20).  CMS is a private corporation providing medical care to Michigan's prisoners under a contract with the State.  *See Raheem v. Stout*, 101 F. App'x 603, 605 (6th Cir. 2004).  Because the corporation is performing a traditional state function when it provides medical care to prisoners, CMS acts under color of state law for section 1983 purposes.  *West v. Atkins*, 487 U.S. 42, 54 (1988).  However, a private employer cannot be held vicariously liable for the acts of its employees under section 1983.  *See Street v. Corrections Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996); *Broyles v. Correctional Med. Servs., Inc.*, No. 1:07-cv-690, 2008 WL 1745554, at * 1 (W.D. Mich. Apr. 14, 2008).  A government contractor, like CMS, cannot be held liable under section 1983 on a *respondeat superior* theory.  *See Johnson v. Karnes*, 398 F.3d 868, 877 (6th Cir. 2005).  CMS could only be held liable under section 1983 for a company custom or policy that caused plaintiff an injury that rose to the level of cruel and unusual punishment in violation of plaintiff's Eighth Amendment rights.  *Id.*; *see Starcher v. Correctional Med. Sys., Inc.*, 7 F. App'x 459, 465 (6th Cir. 2001)("CMS's liability must [] be premised on some policy that caused a deprivation of Starcher's Eighth Amendment rights."); *see also Broyles*, 2008 WL 1745554, at * 1; *Garcia v. Correctional Med. Servs.*, No. 07-10923, 2008 WL 597191, at * 3 (E.D. Mich. Mar. 3, 2008).  Plaintiff has not presented evidence regarding any CMS policy or custom which caused him to suffer an injury of a constitutional dimension.  CMS is entitled to judgment in its favor as a matter of law.

-14-

IV.    **Supplemental Jurisdiction**

Plaintiff asks the court to exercise jurisdiction over a purported state-law claims. "Supplemental jurisdiction is a doctrine of discretion, not of plaintiff's right." *Habich v. City of Dearborn*, 331 F.3d 524, 535 (6th Cir. 2003); *see Winnett v. Caterpillar, Inc.*, 553 F.3d 1000, 1007 (6th Cir. 2009). Generally, where all federal claims have been dismissed, federal courts decline to exercise supplemental jurisdiction over a plaintiff's state-law claims. *See* 28 U.S.C. § 1367(c)(3); *see also Brown v. Cassens Transp. Co.*, 546 F.3d 347, 363 (6th Cir. 2008); *Robert N. Clemens Trust v. Morgan Stanley DW, Inc.*, 485 F. 3d 840, 853 (6th Cir. 2007). There is no reason in this case to depart from the general rule.

## <u>Recommended Disposition</u>

For the foregoing reasons, I recommend that defendant Pramstaller's Rule 12(b)(6) motion to dismiss be granted. I further recommend that the motion for summary judgment by defendants CMS and Onuigbo be granted, and that judgment be entered in their favor on all plaintiff's federal claims. I further recommend that all plaintiff's claims against defendant Ivens be dismissed without prejudice under Rule 4(m) of the Federal Rules of Civil Procedure. This report and recommendation serves as plaintiff's notice of impending dismissal of all his claims against defendant Ivens. Finally, I recommend that the court, in its discretion, decline to exercise supplemental jurisdiction over any of plaintiff's purported state-law claims.

Dated:   June 4, 2009                      /s/  Joseph G. Scoville
                                           United States Magistrate Judge

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *McClanahan v. Commissioner*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).